**Opinion issued August 19, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-24-00477-CR
NO. 01-24-00478-CR
NO. 01-24-00479-CR
NO. 01-24-00480-CR

————————————

**LUCIUS JOHN ALEXANDER WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 99714-CR, 99444-CR, 99267-CR, 99266-CR**

---

## MEMORANDUM OPINION

Appellant Lucius John Alexander Williams appeals the sentences he received

in four cases. We affirm

## Background

In the early morning hours of August 12, 2023, Williams went on a crime spree in a stolen Honda, burglarizing six cars. A victim told police he saw the Honda leaving the crime scene. Officers stopped the Honda and arrested Williams, who was in possession of a firearm. The Honda contained some of the stolen items, additional firearms, marijuana, and car-burglarizing tools.

Williams was charged by four indictments for the following offenses: (1) three counts of burglary of a vehicle, with two or more previous convictions, criminal episode, Cause No. 99714-CR; (2) unauthorized use of a motor vehicle, enhanced, Cause No. 99444-CR; (3) three counts of unlawful possession of a firearm by a felon, criminal episode, Cause No. 99267-CR; and (4) three counts of burglary of a vehicle, with two or more previous convictions, criminal episode, Cause No. 99266-CR. He pled guilty to the offenses, and true to the enhancements, without a punishment recommendation. The trial court found him guilty of each offense, ordered a presentence investigation report, and scheduled a punishment hearing.

At the punishment hearing, the trial court admitted the presentence investigation report and heard arguments. Williams's counsel argued for community supervision, contending Williams has never had the chance to go through a probation period during which he could improve himself. The State argued Williams has been on probation before (which the report supports) and has four prior felony

convictions, none of which deterred him from committing the subject crime spree. The trial court sentenced Williams to concurrent sentences of eight years in Cause No. 99267-CR and two years each in Cause Nos. 99714-CR, 99444-CR, and 99266-CR, explaining:

> Just looking at his criminal history and based on everything that the Court had before it, I just don't think that -- that you've learned your lesson; and so, hopefully this will -- this will help you do so especially given your young age. So, good luck to you.

Williams did not object that the sentences imposed violated the Eighth Amendment, nor did he file any motion for new trial making such an objection. Williams now appeals.

## Analysis

In a single issue, Williams argues that his sentences violate the Eighth Amendment because they are grossly disproportionate to the offenses committed. But this argument is waived because Williams did not preserve it in the trial court. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (overruling Eighth Amendment "grossly disproportionate" argument because it was not preserved at punishment hearing or in motion for new trial); *In re J.F.*, No. 01-22-00384-CV, 2023 WL 4003301, at *4 (Tex. App.—Houston [1st Dist.] June 15, 2023, no pet.) (mem. op., not designated for publication) (same). We overrule Williams's sole issue.

3

**Conclusion**

We affirm the judgment of the trial court.

Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish.  TEX. R. APP. P. 47.2(b).